United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50155
Conference Calendar

CLARENCE LEE CALLIES, JR.,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CV-1149
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Clarence Lee Callies, Jr., federal prisoner # 13001-180,
has filed a motion for a certificate of appealability (COA) to
appeal the district court's dismissal of his 28 U.S.C. § 2254
application as untimely. Callies seeks to challenge his 1996
Texas conviction and sentence for drug possession. Callies
contends that he exercised "due diligence" in filing his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

application and that the limitation period should be waived; he also argues the merits of the challenge to his conviction.

Callies has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Callies's motion for a COA is denied.

Callies has moved for leave to proceed in forma pauperis (IFP) and for appointment of counsel. These motions are denied.

This court recently warned Callies that frivolous filings would result in the imposition of sanctions. United States v. Callies, 158 F. App'x 585, 587 (5th Cir. 2005). Nonetheless, Callies has proceeded with an untimely application for relief from a conviction that is now more than 10 years old. Therefore, Callies is ordered to pay a sanction in the amount of $100, payable to the clerk of this court. The clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse to file any civil complaint or appeal by Callies unless Callies submits proof of satisfaction of this sanction. If Callies attempts to file any further notices of appeal or original proceedings in this court without such proof the clerk will docket them for administrative purposes only. Any other submissions which do not show proof that the sanction has been paid will be neither addressed nor acknowledged. This

sanction is imposed in addition to all other sanctions currently in force against Callies.

COA DENIED; IFP DENIED; APPOINTMENT OF COUNSEL DENIED; SANCTION IMPOSED.